IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRICE ANTHONY PEELER,

    Petitioner,

vs.

T. KABBAN-MILLER, Warden,

    Respondent.

    No. CIV S-11-1785 MCE GGH P

FINDINGS AND RECOMMENDATIONS

/

Introduction

    Petitioner, a state prisoner proceeding pro se, has filed a petition pursuant to 28 U.S.C. § 2254.  He seeks a reduction in his sentence based on recent changes to state law made after his sentence was final, arguing that such reductions are mandated by the Equal Protection Clause of the Fourteenth Amendment.  Respondent has answered the petition.  For the reasons given below, the undersigned recommends that the petition be DENIED.

Background

    The following excerpt is taken from the Probation Officer's Presentence and Violation of Parole Report, filed July 15, 2009, and attached as an unnumbered exhibit to respondent's answer:

\\\\\

1

> On May 26, 2009, Nevada County Sheriff's Deputy HIGHSMITH was dispatched to Sierra Nevada Memorial Hospital in Grass Valley for a report of a stabbing. The victim, DONNIE THOMPSON, was in the emergency room with a two-inch long, and three-quarter inch deep stab wound to his neck and another laceration to his left inner knee. The victim relayed to HIGHSMITH that he was at NICHOLE DICKINSON's trailer, along with two other people, and at approximately 2:00 a.m., the defendant, BRICE PEELER, entered the trailer and ordered everyone to get on the ground or he was going to "kill them." He said the defendant, wearing camouflage pants and sweatshirt, then came at him with a knife and cut him on the left side of his neck. The victim said he ran into the kitchen and fell onto his back as the defendant was "slashing" at him with the knife. The victim reported he attempted to defend himself with his legs and was cut on the inside of his knee. The defendant then ordered the victim to "empty his pockets" and the victim gave the defendant $400.00. The victim reported the defendant then said "give me your shoes. I gave you my shoes and you never paid me back." The defendant gave the victim a towel and told him to put pressure on his neck or he was "going to die." The victim retreated out the back of the trailer and into the woods and heard the defendant say, "I'm going to have to kill him. He's going to rat on me." The victim reported DICKINSON found him hiding in the woods and took him to the hospital and that throughout the incident, the defendant was yelling "I'm going to kill you" and "if you tell, I'll kill you." He said the knife was a "pocketknife with an approximate five to six-inch blade."
>
> ....
>
> Later that evening, a search warrant was issued for a residence in Olivehurst, in Yuba County, where the defendant was thought to be residing. Deputies from the Nevada County Major Crimes Unit, Narcotics Unit and District Attorney's Office, as well as deputies from the Yuba County Sherriff's Office and the Yuba County SWAT team arrived at the home. The Yuba County SWAT team threw a "flash bang" devise [sic] into the front yard, identified themselves, and then entered the residence while Nevada County agents performed outer perimeter security. Deputies entered the home and arrested the defendant without incident. A search of the home found a camouflaged jacket and backpack and a black nylon pouch that contained two glass pipes, a glass vile and zip lock baggies, both containing white residue, and a plastic baggie containing marijuana cola.[1]  A canvas bag located in a lower shelf of a bookcase in the bedroom closet contained 13 different style knives.

Doc. No. 14 at 9-11.

\\\\\

---

[1] A form of drinkable marijuana soda, i.e, THC infused soda.

Despite the assault with a deadly weapon (at the very least), petitioner pled no contest to violations of California Penal Code ("CPC") 422, Criminal Threats, and CPC 487(c), Grand Theft property from a person in one case, and, drug possession for sale in another case. On July 22, 2009, petitioner was sentenced to a prison term of 76 months by the Superior Court of the State of California. Petitioner's aggregate, stipulated sentence included three years on the drug possession charge, two one year enhancements connected to the drug charge, and a one-third middle term sentence of 8 months on the criminal threat charge, and a one-third middle term sentence of 8 months on the grand theft charge, to be served consecutively with terms on other charges. See Doc. No. 14 at 28 (Minutes), 30 (Abstract of Judgment). Petitioner was given credit for time actually served, as well as half-time conduct credits. See Doc. No. 14 at 25:24-26:2; 28; 31. Petitioner did not appeal the sentence.

On September 12, 2010, petitioner filed a petition for writ of habeas corpus with the California Superior Court, Nevada County.[2] See Lodged Doc. No. 1. Petitioner made two arguments, based upon the newly-passed "Senate Bill SBxxx18": (1) that the property threshold for grand theft under California Penal Code § 487 had been raised from $400 to $950, and so his grand theft conviction was now only a misdemeanor; and (2) that the calculation of credit for time served made pursuant to California Penal Code § 4019 now allowed prisoners to receive a full day's credit for each day served, as opposed to the half-time rule in effect at the time petitioner was sentenced. Id.

The Superior Court denied the petition on September 17, 2010. See Lodged Doc. 3, Ex. A. As to the theft allegation, the court found that there was nothing in the legislative history to indicate that the threshold change in CPC § 487 was retroactive, and noted that it had previously denied petitioner's motion for resentencing, which petitioner had made using this

---

[2] The court uses as the filing date the date on which petitioner mailed his petition, according to his proof of service, when such proof of service is attached to his pleadings. See Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988).

3

1  same argument.  Id.  As to the credits allegation, the court noted that the retroactivity of CPC §
2  4019 was before the California Supreme Court, and so denied petitioner's motion without
3  prejudice to renewal after the Supreme Court's decision.  Id.
4          On October 10, 2010, petitioner filed a petition for writ of habeas corpus with the
5  California Court of Appeal, Third Appellate District, raising the same two arguments he had
6  raised in the Superior Court.  See Lodged Doc. No. 2.  On October 21, 2010, the Court of Appeal
7  denied the petition, citing In re Steele, 32 Cal.4th 682, 692 (2004), and In re Hillery, 202
8  Cal.App.2d 293 (1962).[3]
9          On November 22, 2010, petitioner filed a petition for writ of habeas corpus in the
10 California Supreme Court.  See Lodged Doc. No. 3.  Petitioner raised the two arguments he had
11 made in the Superior Court and the Court of Appeal, and additionally argued that he was entitled
12 to benefit from the changes in the law under the Fourteenth Amendment of the United States
13 Constitution.  Id.  On June 15, 2011, the California Supreme Court denied the petition without
14 citation.  See Doc. No. 1, Ex. C.
15         Petitioner filed the current petition on June 23, 2011(again using the date of
16 service as the date of filing), arguing that he is entitled to a retroactive reduction of his sentence,
17 based upon the new laws regarding grand theft thresholds and credits, and upon his equal
18 protection rights under the Fourteenth Amendment.  See Doc. No. 1 at 4, 7-8.
19         Respondent has filed an answer to the petition, arguing that: (1) it is not a matter
20 of federal law whether the relevant state statutes are retroactive, and the state courts'
21 determination on the matter is conclusive; and (2) petitioner fails to state a cognizable Equal
22 Protection claim, because Supreme Court precedent does not clearly establish that a person
23 whose conviction is final at the time of the statute's change, such as petitioner, is similarly

---

[3] The cases cited by the Appellate Division appear to stand generally for the propositions that petitions for writ of habeas corpus, and any discovery motions made in connection with habeas petitions, should be filed first in the trial court.

situated to a person whose conviction is not final.  See Doc. No. 14 at 5-6.  Respondent additionally notes that

> no Supreme Court case clearly establishes a criminal defendant, whose conviction is a felony as a matter of *consent* – i.e., his plea of nolo contendre, North Carolina v. Alford, 400 U.S. 25, 32-39 (1970) – would in any event retain any right, under the Constitution, to modification of judgment for any reason.

Doc. No. 14 at 6.

Applicable Law

An application for writ of habeas corpus by a person in custody under judgment of a state court can only be granted for violations of the Constitution or laws of the United States. See 28 U.S.C. § 2254; see also Premo v. Moore, — U.S. —, 131 S.Ct. 733, 739 (2011). Petitioner filed this petition for writ of habeas corpus after April 24, 1996, and so the Antiterrorism and Effective Death Penalty Act ("AEDPA") applies.  Under AEDPA, federal habeas corpus relief is not available for any claim decided on the merits in the state court proceedings unless the state court's adjudication of the claim: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. See 28 U.S.C. § 2254(d); see also, e.g., Harrison v. Richter, — U.S. —, 131 S.Ct. 770, 783-84 (2011) ("....the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief.")   The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable, a substantially higher threshold.  Schriro v. Landrigan, 550 U.S. 465, 473, 127 S.Ct. 1933 (2007).

In applying AEDPA's standards, the federal court must identify the state court decision that is appropriate for our review.  Barker v. Fleming, 423 F.3d 1085, 1091 (9th Cir. 2005).  The relevant state court determination for purposes of AEDPA review is the last reasoned

state court decision. Delgadillo v. Woodford, 527 F.3d 919, 925 (9th Cir. 2008). Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders rest upon the same ground. Ylst v. Nunnemaker, 501 U.S. 797, 803, 111 S.Ct. 2590 (1991). To the extent no such reasoned opinion exists, courts must conduct an independent review of the record to determine whether the state court clearly erred in its application of controlling federal law, and whether the state court's decision was objectively unreasonable. See Brazzel v. Washington, 491 F.3d 976, 981 (9th Cir. 2007). When it is clear, however, that the state court has not decided an issue, the federal court reviews the question de novo. Reynoso v. Giurbino, 462 F.3d 1099, 1109 (9th Cir. 2006).

### Effect of Petitioner's Plea

Respondent notes that there does not appear to be any constitutional entitlement to modification of judgment where the defendant has pled guilty to the underlying charge. In this case, the petitioner raises no challenge to the voluntariness of the plea, and so would appear to be foreclosed from collaterally attacking the underlying judgment. See, e.g., Brady v. U.S., 397 U.S. 742, 756, 90 S.Ct. 1463, 1473 (1970) ("We find no requirement in the Constitution that a defendant must be permitted to disown his solemn admissions in open court that he committed the act with which he is charged simply because it later develops that the State would have had a weaker case than the defendant had thought or that the maximum penalty then assumed applicable has been held inapplicable in subsequent judicial decisions.") See also U.S. v. Broce, 488 U.S. 563, 569, 109 S.Ct. 757 (1989) ("[W]hen the judgment of conviction becomes final and the offender seeks to reopen the proceeding, the inquiry is normally confined to whether the underlying plea was both counseled and voluntary. If the answer is in the affirmative then the conviction and the plea, as a general rule, forecloses the collateral attack."); Tollett v. Henderson, 411 U.S. 258, 267, 93 S.Ct. 1602, 1608 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that

occurred prior to the guilty plea.")

The Supreme Court has, however, recognized exceptions to the bar against collateral attacks where a defendant has previously pled guilty, such as when the government lacks jurisdiction to prosecute the defendant. See Blackledge v. Perry, 417 U.S. 21, 30-31, 94 S.Ct. 2098, 2104 (1974). Additionally, the Tollet decision noted above appears to foreclose specifically collateral attacks made on account of potential Constitutional violations occurring *before* the plea. See id. at 29-30, 2103 (summarizing the Tollett holding). In this case, defendant alleges that a statutory change made by the state legislature subsequent to his judgment has made his continued punishment unconstitutional, a scenario not specifically addressed by the decisions cited above. Accordingly, the undersigned will review the merits of the claims.

<u>State Law Retroactivity</u>

Petitioner alleges that changes to state law, which occurred after his judgment and sentence became final, have resulted in modifications to the felony threshold for grand theft, and to the calculation of pre-sentence credits. He asks this court to enforce these changes retroactively in his favor.

A review of the record reflects that the state courts have denied similar requests made by the petitioner. Because a summary rejection of a habeas petition by the California Supreme Court is considered a decision on the merits, the Supreme Court's June 15, 2011 decision in this case, made after the statutory modifications, suggests that the modifications do not apply retroactively. See La Rue v. McCarthy, 833 F.2d 140, 143 (9th Cir. 1987).[4]

The retroactivity of a state change of law is a state question, and the federal Constitution has no voice upon the subject. See, e.g., Pulley v. Harris, 465 U.S. 37, 42, 104 S.Ct. 871, 875 (1984); Wainwright v. Stone, 414 U.S. 21, 23-24, 94 S.Ct. 190, 193 (1973); La Rue v.

---

[4] The reasoned decision of the Superior Court denied petitioner's request to modify his theft conviction to a misdemeanor, but deferred to the Supreme Court on the credits issue. See Doc. No. 1 at 10-11.

1  McCarthy, 833 F.2d at 142-43; Jones v. Cupp, 452 F.2d 1091, 1093 (9th Cir. 1971).  See also

2  Rummel v. Estelle, 445 U.S. 263, 284, 100 S.Ct. 1133, 1144 (1980) (states are entitled to their

3  own judgment about the line dividing felony theft and petty theft, subject only to the Eighth

4  Amendment).  In this case, the state Supreme Court has declined to apply the statutory changes to

5  petitioner's judgment retroactively.  Even if the state court was incorrect in doing so, federal

6  courts may not grant habeas relief on account of state court errors in determining state court law.

7  See, e.g., Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S.Ct. 475, 480 (1991).

8          Equal Protection

9          Petitioner argues that he is entitled to the benefit of the modifications under the

10 Equal Protection Clause of the Fourteenth Amendment.  Notably, petitioner does not allege that

11 he suffers discrimination because of a suspect classification.  Instead, he appears to allege that he

12 suffers a denial of his equal protection rights based upon his membership in a class of California

13 state prisoners who were convicted and sentenced before the modifications took effect.

14         Petitioner raised his equal protection argument with the state Supreme Court,

15 which denied it without providing its reasoning.  The undersigned will therefore "conduct an

16 independent review of the record to determine whether the state court clearly erred in its

17 application of controlling federal law, and whether the state court's decision was objectively

18 unreasonable."  See Brazzel v. Washington, 491 F.3d at 981.  However, that independent review

19 must still ascertain the violation of established Supreme Court authority before AEDPA will

20 permit a granting of the habeas petition; it is not a license to perform a *de novo* review of federal

21 law.  Maxwell v. Roe, 628 F.3d 486, 509 (9th Cir. 2010); Kessee v. Mendoza-Powers, 574 F.3d

22 675, 676 (9th Cir. 2009).

23         And application of the above AEDPA rule here is conclusive to this petition.

24 Petitioner has not cited to any *specific* Supreme Court authority, and the undersigned is not aware

25 of any, that holds the Equal Protection Clause mandates that finally convicted prisoner receive

26 the benefits of changes in state law which might have benefitted the convicted prisoner if only

the conviction had occurred after the change in law.  And indeed, Teague v. Lane, 489 U.S. 288, 109 S.Ct. 1060 (1989) (refusal to apply Batson holding to a petitioner in habeas absent exceptions not applicable here) holds to the contrary.  Therefore, petitioner's claims fail.  See e.g., Parker v. Matthews, __U.S.__, __ S.Ct. __, 2012 WL 2076341 (*5-6) (2012).

Accordingly, IT IS HEREBY RECOMMENDED that the petition for writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

If petitioner files objections, he shall also address if a certificate of appealability should issue and, if so, as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  The certificate of appealability must "indicate which specific issue or issues satisfy" the requirement. 28 U.S.C. § 2253(c)(3).

DATED: June 14, 2012

   /s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:rb
peel1785.fr